IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES BENSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )   CIV-07-17-M |
| v. | ) |
| | ) |
| JUSTIN JONES, Director, Oklahoma | ) |
| Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Respondent has responded to the Petition and filed the relevant institutional records, and Petitioner has filed a reply. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed as untimely due to expiration of the statute of limitations.

I. Petitioner's Claims

Petitioner asserts that prison officials abused their discretion and denied him equal protection and due process when his classification level was reduced from level four to level one upon his termination from a prison job without a hearing. Petitioner contends that he was terminated from his job as an inmate law clerk at Great Plains Correctional Facility ("GPCF") in May 1998, that he was terminated for being absent from work, that he was not

given a misconduct or a hearing in relation to this termination, and that his classification level was automatically reduced from level four, where he earned 44 credits per month, to level one, where he earned no credits. Petitioner contends that he received no misconducts in the intervening months until he was ultimately returned to level four classification level in August 1999. Petitioner seeks habeas relief in the form of the restoration of 587 earned credits he asserts he would have earned between May 1998 and August 1999 but for the actions of GPCF officials in denying his "liberty interest in eligibility to receive earned credits...." Brief in Support of Petition, at 2.

Respondent Oklahoma Department of Corrections ("DOC") Director Jones contends that the Petition should be dismissed on the grounds that (1) Petitioner failed to exhaust available administrative remedies and, alternatively, (2) the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1) expired prior to the filing of the instant Petition. Petitioner has replied to the Response in a pleading entitled "Objection to Motion to Dismiss."

II. Exhaustion of Administrative Remedies/Statute of Limitations

There is no dispute that Petitioner was fired from his prison job in the GPCF library on May 6, 1998. Response, Ex. 1 (Petitioner's Consolidated Record Card). At the time of his termination, Petitioner was informed that the termination was due to excessive absences from work. Response, Ex. 2 (GPCF Inmate Job Assignment form). Although this form did not indicate that Petitioner's classification level was reduced as a result of the termination decision, Petitioner signed an Earned Credit Class Report dated August 6, 1998, in which Petitioner was expressly informed that his earned credit class designation was level 1

effective September 1, 1998, due to his lack of a job assignment since May 1998 for "unexcused absences." Response, Ex. 3.

Petitioner did not seek administrative relief with respect to the May 1998 job termination until October 2006 when he filed a request to staff ("RTS") form directed to the GPCF records officer.  In this RTS form, Petitioner stated that he was terminated from his prison job as a law clerk in May 1998 and that "[a]ll I did wrong was being absent from work." Response, Ex. 4.  Petitioner did not request to be reinstated to his former prison job.  Rather, Petitioner requested that his prison record be amended to show he received "level 4 credits for May 1998 until August 1999" because he had been "arbitrarily punished without any due process and kept on Level 1 for way too long" and because he had a "liberty interest in earned credits." Response, Ex. 4.  In response to the RTS form, Petitioner was advised that "[a]t the time you were fired, it was a mandatory level 1, as for getting a level after that, it was up to your case manager, and you had to be on waiting lists or working." Response, Ex. 4.  Petitioner filed a formal grievance with respect to the RTS response, and the response from the GPCF grievance coordinator dated November 13, 2006, advised Petitioner that his grievance was "[o]ut of time from date of incident." Response, Ex. 4.  Petitioner's appeal of the grievance decision to the DOC Director's Designee was returned to him unanswered because the grievance appeal was "out of time from date of incident." Response, Ex. 4.

With respect to the issue of Petitioner's exhaustion of administrative remedies, Petitioner has received notice from the DOC Director's Designee that his administrative appeal time has expired.  Thus, it would be futile to require Petitioner to exhaust the DOC

administrative review procedures because the administrative reviewing authority would now find Petitioner's claims procedurally barred. The administrative reviewing authority's reliance upon DOC's established administrative remedy procedures, including the time limitations placed on grievances, would be an independent and adequate state law ground for the decision. Accordingly, Petitioner's constitutional claims asserted herein should be deemed exhausted but procedurally barred. See Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Cargle v. Mullin, 317 F.3d 1196, 1212 n. 15 (10th Cir. 2003); Hawkins v. Mullin, 291 F.3d 658, 668 (10th Cir. 2002), cert. denied, 537 U.S. 1173 (2003). It is not necessary, however, to address the procedural default doctrine's requirement of a showing of cause for the procedural default or prejudice resulting therefrom or to conduct the alternative fundamental miscarriage of justice inquiry because the statute of limitations governing Petitioner's § 2241 Petition has expired.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted on April 24, 1996, provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). It is well established in this circuit that § 2244(d)(1)'s one-year limitation period applies to § 2241 habeas petitions challenging administrative decisions. Dulworth v. Evans, 442 F.3d 1265, 1268-1269 (10th Cir. 2006). In this case, the one-year limitation period began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Normally, where a petitioner timely and diligently exhausts his

administrative remedies the one-year limitation period prescribed in § 2244(d)(1)(D) "does not commence until the decision rejecting his administrative appeal becomes final." Dulworth, 442 F.3d at 1268.  Here, Petitioner waited eight years after the job termination and classification level reduction decision to file his grievance.  There is no evidence showing that correctional officials caused Petitioner to delay exhausting his administrative remedies or delay the filing of his habeas Petition.  Because Petitioner did not timely and diligently exhaust his administrative remedies, his Petition should have been filed on or before May 6, 1999, or, employing the later date on which Petitioner was expressly made aware of the reduction in his classification level, August 6, 1999.  Consequently, Petitioner's Petition should be dismissed on the basis that the statute of limitations governing the filing of the Petition has expired.

The one-year limitation period for § 2241 petitions is subject to equitable tolling in extraordinary circumstances beyond the inmate's control. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 200); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Generally, equitable tolling applies in "circumstances where the limitation period at least raises serious constitutional questions and possibly renders the habeas remedy inadequate and ineffective." Miller, 141 F.3d at 978.  No such extraordinary circumstances are shown here, and therefore equitable tolling of the limitation period is not warranted.  Accordingly, the Petition should be dismissed as time-barred.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED as time-barred. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by      February 27th , 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    7th day of    February   , 2007.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE